a

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| KALEEM SARWAR #A221-148-971, Petitioner | CIVIL DOCKET NO. 6:26-CV-01183 SEC P |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| IMMIGRATION & CUSTOMS ENFORCEMENT ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner Kaleem Sarwar ("Sarwar").  At the time of filing, Sarwar was an immigration detainee at the Pine Prairie Correctional Center in Pine Prairie, Louisiana.  Sarwar alleges that removal is  not likely to occur in the reasonably foreseeable future.

Because Sarwar is no longer detained, the Petition should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## I.    Petitioner

Sarwar does not provide his nationality, but states that he was granted voluntary departure on September 9, 2025.  ECF No. 1 at 6.  According to the online detainee locator service, Sarwar is no longer detained.[1]  Court staff verified the online information with the Government.

---

[1] https://locator.ice.gov/odls/

II.    Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  If a controversy becomes moot, the case must be dismissed for lack of jurisdiction.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  The parties must continue to have a "personal stake in the outcome" of the lawsuit.  *Id.*  Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

III.    Conclusion

Because Sarwar is not detained, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and

2

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, May 21, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE